## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RENARD A. JOHNSON, #282-660 : | |
| Petitioner : | |
| v. : | Civil Action No. PJM-07-18 |
| WAYNE HILL, WARDEN . : | |
| and | |
| THE ATTORNEY GENERAL OF : | |
| THE STATE OF MARYLAND | |
| : | |
| Respondents ..o0o.. | |

### MEMORANDUM OPINION

Before the Court is a pro se 28 U.S.C. §2254 petition for federal habeas corpus relief filed by Renard A. Johnson, an inmate at Baltimore Pre-Release Unit, challenging his convictions in 1999 in the Circuit Court for Baltimore City.[1] Respondents, by their counsel, have moved to dismiss the Petition as time-barred.[2] Upon review of the pleadings, exhibits and applicable law, the Court finds that no hearing is necessary and the Petition is untimely. The Petition will be dismissed by separate Order.

### I. Procedural Background

On March 18, 1999, in the Circuit Court for Baltimore City, Johnson entered *Alford*[3] pleas to second-degree murder, use of a handgun and conspiracy to possess, manufacture or distribute heroin.

---

[1] At the time Johnson filed this petition he was confined at the Metropolitan Transition Center.

[2] The Court granted Petitioner additional time to explain why the § 2254 petition should not be dismissed as untimely and his reasons, if any, why principles of equitable tolling apply. *See Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002). Petitioner has not filed a reply.

[3] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

The court sentenced Johnson to twenty-five years imprisonment, all but fifteen years suspended for the second-degree murder offense, five years concurrent for the handgun offense, and ten years concurrent for conspiracy.

Johnson did not file for leave to appeal to the Court of Special Appeals of Maryland within the thirty days allowed by law. *See* Md. Rule 8-204. Consequently, his convictions became final on April 19, 1999, when the thirty-day period to file for leave to appeal expired. *See Wade v. Robinson,* 327 F.3d 328, 330-33 (4th Cir. 2003) (addressing when the state court conviction becomes final).

On August 11, 2000, Johnson filed a petition for post-conviction relief in the Circuit Court for Baltimore City. The Petition was denied on February 28, 2002. Johnson filed an application for leave to appeal the decision. In an unreported opinion issued on October 1, 2002, the Court of Special Appeals of Maryland summarily denied the application. The mandate was issued on November 4, 2002.[4] Johnson filed the instant 28 U.S.C. §2254 petition for federal habeas corpus relief on December 18, 2006.[5]

---

[4] Johnson also filed a Motion to Correct an Illegal sentence in 2000 and a Motion for Modification of Sentence in which was pending between April 9, 1999 and August 20, 1999. Neither motion tolls the running of the limitation period under 28 U.S.C.. § 2244(d). These proceedings are not "post conviction or other collateral review" within the meaning of 28 U.S.C. §2244(d)(2). *See State v. Kanaras*, 357 Md. 170, 183 (1999) (noting "there is no indication in the language or history of [Maryland] Rule 4-345 that the court intended to create a separate cause of action... [I]t is part of the same proceeding and not a wholly independent action. The rule simply grants the trial court limited continuing authority in the criminal case to revise the sentence."); *see also Walkowiak v. Haines*, 272 F.3d 234 (4th Cir. 2001) (holding that a Motion for Correction or Reduction of Sentence" was not a collateral proceeding under West Virginia law to toll the limitations period under 28 U.S.C. §2244(d)(2)).

[5] For the purposes of reviewing timeliness of the Petition under 28 U.S.C. §2244(d), the Court deems it delivered to prison authorities on the date it was signed. *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D.Md. 1998).

**II. Statute of Limitations**

A one-year statute of limitations applies to federal habeas petitions challenging noncapital state convictions. *See* 28 U.S.C. §§ 2244(d),[6] 2263.  This one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).  Johnson has not raised any equitable tolling arguments.[7]

---

[6] 28 U.S.C. § 2244(D) provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> >    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> >    (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> >    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> >    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[7] *See Supra* n. 2.

**III. Analysis**

In this case, the period of limitations became final on April 19, 1999, and the one-year limitations period expired on April 20, 2000. There were no post-conviction proceedings filed during this time to toll the running of the limitations period. Consequently, the instant Petition, filed on December 18, 2007, is time-barred. An Order consistent with this Memorandum Opinion follows.

September 17, 2007

                                              /s/
                            PETER J. MESSITTE
                UNITED STATES DISTRICT JUDGE